**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEAL WAYNE CAPLINGER, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CORRECTIONS CORPORATION OF AMERICA; TIMOTHY WENGLER; THOMAS KESSLER; ACEL K. THACKER; DAN LAMBERT; DAVID AGLER, <br><br> Defendants - Appellees. | No. 14-35190 <br><br> D.C. No. 1:12-cv-00537-BLW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted February 2, 2016[**]
Seattle, Washington

Before: KOZINSKI, O'SCANNLAIN, and GOULD, Circuit Judges.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Inmate Neal Caplinger appeals from the district court's grant of summary judgment to Dr. David Agler and Corrections Corporation of America ("CCA") on his 42 U.S.C. § 1983 claim. The facts of this case are known to the parties, and we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291.

## I

To establish a claim of deliberate indifference, Caplinger must establish that Dr. Agler "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)). On this record, no reasonable jury could conclude that Dr. Agler possessed such a mental state. Caplinger argues Dr. Agler should have done more to expedite his treatment. But "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Summary judgment was proper.

## II

The district court was also correct in granting summary judgment as to Caplinger's claim against CCA. To prevail on his claim against CCA, Caplinger must show that "(1) [h]e was deprived of a constitutional right; (2) [CCA] had a

2

policy; (3) the policy amounted to a deliberate indifference to h[is] constitutional right; and (4) the policy was the 'moving force behind the constitutional violation.'" *Mabe v. San Bernadino County*, 237 F.3d 1101, 1110–11 (9th Cir. 2001) (quoting *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996)). Caplinger argues the "month-long delays" create a genuine issue of material fact as to whether CCA had a custom of delaying offsite appointments. Nothing in the record suggests the gaps between appointments were attributable to CCA policy.

Because no genuine issues of material fact exist that could support Caplinger's claims, the district court's judgment is

**AFFIRMED.**